Per Curiam.

These are actions in quo warranto originating in this court.
In case No. 38457, except for different parties, a different Regional Board of Review and the fact that the respondent occupied the position of employer representative, the facts and the legal question are identical with those in case No. 38458. Therefore, the cases have been combined for purpose of opinion, and reference to the parties will be in the singular.
In 1955, the General Assembly amended Section 4123.14, Revised Code, a part of the Workmen’s Compensation Act, the pertinent part of which now reads as follows:
*495 “There are hereby created five Eegional Boards of Eeview. Each board shall consist of three members appointed by the Governor. * * * Not more than one of the members of each Eegional Board of Eeview shall be a person who, on account of his previous vocation, employment, or affiliation, can be classed as a representative of employers, and not more than one of such members shall be a person who, on account of his previous vocation, employment, or affiliations, can be classed as a representative of employees. The third member of the board shall have been admitted to the practice of law in this state and shall be the chairman of such board. * * *
ÍÍ * * #
“The chairman of a board shall receive an annual salary of ten thousand five hundred dollars, and the other members of a board shall receive an annual salary of nine thousand dollars. * * (Emphasis added.)
In case No. 38458, relator was appointed on October 5, 1955, for a six-year term as the third member of the Eegional Board of Eeview of the Cleveland District and as such served as chairman thereof. On October 30, 1961, relator was reappointed as the third member for a term of six years.
Eespondent, who occupied the employee member’s position on the board, was reappointed on October 5, 1963, and was designated by the Governor to act as chairman. Eespondent accepted such designation.
Eelator, by this action in quo warranto, attacks the right of respondent to hold the office of chairman. A demurrer has been filed to the petition, and the parties have agreed that the ruling on the demurrer shall be dispositive of the action. A difference in emolument of $1,500 per year between that of the chairman and the ordinary member is the apparent reason for this action.
Eespondent, by his demurrer, urges that the petition fails to state a cause of action because it does not allege that respondent was illegally appointed nor does it allege that relator’s public office was usurped by respondent. Eespondent bases this contention on the argument that the only public office created by Section 4123.14, Eevised Code, is the office of member of the board. He urges that there is no specific individual office of chairman of a Eegional Board of Eeview. He points *496 out that relator is still a member of the board and, therefore, has not been ousted of his public office. It is respondent’s theory that the Governor can shift the various classifications in the board as he desires.
Although the statute is written in the negative, providing that there shall be not more than one employee representative or one employer representative on the board and it does not prohibit such representatives from being chairman, the purpose and intent of the statute is clear. An examination of the statute shows that in one sentence reference is made to the employee and employer representatives, whereas a separate sentence refers specifically to what is designated as the third member, who, under the statute, “shall be the chairman of the board.”
Although under this statute a three-member board is created, it is obvious that the General Assembly intended to provide for three distinct classes of membership on such board. Thus, when a vacancy occurs on such board, it is a vacancy in a specific classification which must be filled.
That the General Assembly intended that neither the employer nor employee representative should be . chairman, and that such chairmanship should be held only by the third member of the board is even more apparent when the section is considered in its form prior to the 1955 revision. Prior to 1955, the section provided, as it does today, that there should be no more than one employee representative and one employer representative thereon, but it made no mention of the third member, as such. The section then provided that the chairman should be selected by the board itself. To remove this selection from the board and to prevent either the employee or employer representative from being chairman, the 1955 revision specifically provided that the third member should be chairman.
Therefore, a separate public office is involved in this action.
The demurrer is overruled and the respondent removed from the office of chairman.

Demurrers overruled and judgments of ouster.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.